IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,
Plaintiff,

v().   Case No.  6:24-cr-137

JORDANISH TORRES-GARCIA,
Defendant.
_____/

## MOTION FOR APPOINTMENT OF LEARNED COUNSEL
## PURSUANT TO 18 U.S.C. § 3005

The Defendant, by and through undersigned Counsel, moves this Honorable Court for an order appointing counsel "learned in the law applicable to capital cases" (hereinafter "learned counsel") under 18 U.S.C. § 3005.

### INTRODUCTION

The defendant is charged in Count One of the Indictment with Carjacking Resulting in Death, in violation of  18 U.S.C. § 2119(3) and Use of a Firearm in the Commission of a Crime of Violence, Resulting in Death, a violation of 18 U.S.C § 2119 also an offense for which the death penalty is a potential punishment. The defendant has appointed counsel under the Criminal Justice Act (CJA) and qualifies financially for appointed learned counsel.

### MEMORANDUM OF LAW

18 U.S.C. § 3005 states, in pertinent part:

"Whoever is indicted for treason or other capital crime shall be allowed to make his full defense by counsel; and the court before which the defendant is to be tried, or a judge thereof, **shall promptly**, upon the defendant's request, assign 2 such counsel, of whom **at least 1 shall be learned in the law applicable to capital cases**, and who shall have free access to the accused at all reasonable hours. In

assigning counsel under this section, the court shall consider the recommendation of the Federal Public Defender organization, or, if no such organization exists in the district, of the Administrative Office of the United States Courts." (emphasis added)

As the First Circuit has held, under § 3005, "promptly means promptly after indictment, not after the Attorney General has made a determination to seek the death penalty". *In re Sterling-Suarez*, 306 F.3d 1170 (1st Cir., 2002). *See also*, *United States v. Cordova*, 806 F.3d 1085, 1101, 420 U.S. App. D.C. 138 (D.C.C. 2015)  "Even among courts that disagree as to whether [learned counsel] is required after the government announces that it will not seek the dealt penalty, there is agreement that 'prompt' means promptly after indictment, and not later … While the death penalty is still on the table, there is a specific role for an attorney 'learned in the law applicable to capital cases' to play in the defense.", *United States v. Medina-Rivera*, 285 F. Supp. 3d 505, 507-08 (D.P.R. 2018)  "The triggering event for the appointment of learned counsel is the filing of the indictment." citing *Sterling Suarez*; *Guide to Judiciary Policy, Vol 7 Defender Services, Part A Guidelines for Administering the CJA and Related Statutes, Chapter 6: Federal Death Penalty and Capital Habeas Corpus Representations,* § 620.10.10 (a)("As required by 18 U.S.C. § 3005, **at the outset of every capital case**, courts should appoint two attorneys, at least one of whom is experienced in and knowledgeable about the defense of death penalty cases." emphasis added

The historical commentary to the *American Bar Association Guidelines for the Appointment and Performance of Defense Counsel in Death Penalty Cases* (2003) makes clear that:

> The period between an arrest or detention and the prosecutor's declaration of intent to seek the death penalty is often critically important. … [E]ffective advocacy by defense counsel during this period may persuade the prosecution not to seek the death penalty. Thus, it is imperative that counsel begin investigating mitigating evidence and assem-

2

bling the defense team as early as possible-- **well before the prosecution has actually determined that the death penalty will be sought.** (emphasis added)

The complex nature of the investigation and preparation of a capital case, including issues relating to the pre-trial death penalty authorization procedures (often referred to as the "DOJ Protocol" and described more fully in the Justice Manual (formerly United States Attorneys' Manual), § 9-10.000, *et. seq.*, mandate that learned counsel be appointed at the earliest time possible. See Generally, *In re Sterling Suarez*, *supra*, and *American Bar Association Guidelines for the Appointment and Performance of Defense Counsel in Death Penalty Cases* (2003), *supra*.

As set forth above, 18 U.S.C.§ 3005 requires the Court to "consider the recommendation of the Federal Public Defender organization". A 2019 amendment to Judicial Conference policy expands upon this statutory requirement, and provides that:

> Judges should consider and give due weight to the recommendations made by federal defenders and resource counsel and articulate reasons for not doing so. See: JCUS-MAR 2019, pp. 18-20.

> § 620.30 *Procedures for Appointment of Counsel in Federal Death Penalty Cases*

Both the Federal Defender, Alec Hall and Resource Counsel, Steve Potolsky have been consulted on this matter, and concur in the request that Todd Doss be appointed Learned Co-counsel to assist the undersigned Counsel.

The concurrence of the Federal Defender and Capital Resource Counsel in the appointment of Todd Doss as Co-learned Counsel is well founded. For over 30 years, Mr. Doss has provided Capital representation at the trial level, on appeals and during post conviction litigation.

Further, for a period of 5 years, Mr. Doss served as Chairperson of the Florida Association of Criminal Defense Lawyer's Death Penalty Committee. During that time, Mr.

3

Doss organized and lectured at the Association's annual Death is Different Seminar. Noting Mr. Doss' previous lengthy employment as an Assistant Federal Defender in the Federal District Court for the Middle District of Florida, including assignments as Learned Counsel in Capital Cases, Counsel has a good faith belief that the United States and the Judiciary of the Middle District has full knowledge of Mr. Doss' qualifications, however, if directed Counsel will provide a full curriculum vitae.

**WHEREFORE**, the Defendant respectfully requests that this Honorable Court "promptly" appoint Todd Doss as "learned counsel" under 18 U.S.C. § 3005.

### CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of May 2024, I electronically filled the foregoing with the clerk of the court by using the CM/ECF system with the notice of electronic filing there by issued to the Office of the United States Attorney.

  */s/ Roger L. Weeden*
Roger L. Weeden
Florida Bar Number 290106
605 E. Robinson Street, Suite 250.
Orlando, Florida 32801
RLWEEDEN@AOL.COM