UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

    v.                          CASE NO. 6:24-cr-137-CEM-RMN

JORDANISH TORRES GARCIA
KEVIN OCASIO JUSTINIANO
GIOVANY CRESPO HERNANDEZ
DERECK ALEXIS RODRIGUEZ BONILLA

**UNITED STATES' REVISED MOTION FOR DETENTION**

The United States moves for pretrial detention for the above-charged defendants in this matter pursuant to 18 U.S.C. § 3142 and will set forth, in more detail, its reasons at hearings to be held on each individual defendant.

The Grand Jury has indicted the defendants with the coordinated carjacking, kidnapping, and murder of K.A. The government submits that each defendant poses a significant risk of flight and a grave danger to this community if released. In preparation for detention hearings on each individual defendant, the United States proffers the following factual summary:

Home surveillance video footage reveals that on April 10, 2024, at approximately 9:45 p.m., J.G. returned home from his job as a tow truck driver to his residence in Taft, Florida. As J.G. parked in his driveway and exited his truck, a green Acura stopped in the street near his driveway. Two armed men, one of whom has been positively identified as TORRES GARCIA, exited the Acura and began firing at J.G., striking him multiple times and causing his death. Over 100 rounds

were fired at J.G. and at his home, where his family was located. After the shooting, one of the assailants was observed retrieving something from J.G.'s truck before fleeing in the green Acura.

The next day, on April 11, 2024, at around 12:30 p.m., K.A. started driving her white Durango on a four-to-five hour trip from her home in Homestead, Florida to CRESPO HERNANDEZ's home in Casselberry, Florida. The purpose of the trip was for K.A. to retrieve $170,000 from CRESPO HERNANDEZ, which appeared to be proceeds of illegal drug trafficking. CRESPO HERNANDEZ was engaged in the drug distribution business.

As K.A. drove north, CRESPO HERNANDEZ called TORRES GARCIA and conspired with him to rob and carjack K.A. for the $170,000 after she retrieved it from CRESPO HERNANDEZ. TORRES GARCIA called and recruited OCASIO JUSTINIANO and RODRIGUEZ BONILLA into the conspiracy.

Part of the conspiracy involved the arson of K.A.'s Durango after the carjacking. At approximately 4:36 p.m., TORRES-GARCIA and OCASIO JUSTINIANO prepared to rob K.A. by buying lighter fluid from a gas station. Agents recovered surveillance video of them purchasing the lighter fluid:



At approximately 5:13 p.m., K.A. arrived at CRESPO HERNANDEZ's home in Casselberry. When K.A. arrived, TORRES GARCIA and OCASIO JUSTINIANO were parked nearby in the green Acura, according to cell phone location data. As K.A. arrived at the residence, and for the 15 minutes during which she was at the residence, CRESPO HERNANDEZ and TORRES GARCIA had four separate phone calls, each for short periods of time. After K.A. left the home of CRESPO HERNANDEZ, TORRES GARCIA had three additional calls with CRESPO HERNANDEZ. After that point, they stopped talking, and the carjacking and kidnapping was perpetrated by TORRES GARCIA and OCASIO JUSTINIANO.

At 5:32 p.m., K.A. called her husband and complained that someone had "tapped" her vehicle – a reference to a vehicle lightly colliding with her back bumper. This was the last time K.A.'s husband spoke to her. At around that same time, a

witness captured a video of TORRES GARCIA getting out of a green Acura and pointing an AR-15 style rifle at K.A.'s vehicle.



In a post-*Miranda* interview, TORRES GARCIA admitted that he was the individual pointing the rifle at K.A. and entering her vehicle.

As TORRES GARCIA entered K.A's back seat, OCASIO JUSTINIANO drove the Green Acura and followed the white Durango. K.A. was driving the Durango at gunpoint as TORRES GARCIA directed her to take a U-turn. Soon after, OCASIO JUSTINIANO took the lead in the green Acura and K.A., still driving her white Dodge Durango, was directed to follow him.



At around 6:30 p.m., the Durango and Acura arrived at their destination in the Boggy Creek area of Kissimmee Florida and the vehicles proceeded to a deserted construction area.



At approximately 6:52 p.m., OCASIO JUSTINIANO returned to the main road in Boggy Creek driving the green Acura and met up with RODRIGUEZ BONILLA, who was driving his mother's Toyota Venza. OCASIO JUSTINIANO obtained a 10mm firearm from RODRIGUEZ BONILLA, the same weapon used in the murder of J.G. the night before and the same weapon about to be used to kill K.A.:

5



RODRIGUEZ BONILLA admitted in a post-*Miranda* statement that he drove the Venza to meet up with TORRES GARCIA and that he was wearing a ski mask at that time. However, he falsely denied providing the murder weapon. Instead, he claimed that he was there to loan $80 to TORRES GARCIA.

After retrieving the weapon from the Venza, OCASIO JUSTINIANO returned to the deserted construction area where K.A. was being held at gunpoint by TORRES GARCIA. Thereafter, lighter fluid was poured on K.A.'s body and K.A. and the Durango were shot multiple times before she was lit on fire inside the passenger seat of the vehicle.

At approximately 7:13 p.m., Osceola County Sheriff's Office responded to reports of a vehicle set ablaze and they found the burned-out vehicle:




The body of K.A. could only be identified by DNA testing of the blood recovered from the blood-stained, burned-out vehicle. The bullet casings found at the scene matched the casings found at the Taft homicide scene.

After the homicide of K.A., at approximately 7:38 pm, surveillance video captured the green Acura and the brown Venza meeting at an apartment complex in Orlando. TORRES GARCIA was observed handing what appears to be cash to RODRIGUEZ BONILLA at that location. RODRIGUEZ BONILLA admitted to being present at that location and receiving cash from TORRES GARCIA. However, he claims it was the $80 that was owed to him from the loan 45 minutes earlier. RODRIGUEZ BONILLA admits that he was still wearing a ski mask at this point, because he was contemplating a ride on his dirt bike that day.

Law enforcement recovered the green Acura, which was parked in the rear of the apartment complex. OCASIO JUSTINIANO's fingerprint was found on the passenger side exterior side-view mirror.

Each of these defendants pose a grave danger to the community and a significant risk of flight. Under the Bail Reform Act, an indictment charging certain offenses – including the 18 U.S.C. § 924(c) charge at issue in this case – establishes the probable cause to trigger a rebuttable presumption that no conditions of release will assure this Court of the appearance of the Defendant at future proceedings and protect the safety of the community. *See United States v. King*, 849 F.2d 485, 489 (11th Cir. 1988). For each of the above charged defendants, this Court should "presume[] that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community" because they have been charged by indictment for using a firearm in furtherance of a carjacking under 18 U.S.C. § 924(c). *See* 18 U.S.C.A. § 3142(e)(3)(B). And the "use of the word 'rebut' in this context is somewhat of a misnomer because the rebutted presumption is not erased" but instead "remains in the case as an evidentiary finding militating against release, to be weigh[ed] along with other evidence relevant to factors." *King*, 849 F.2d at 488. So, too, have courts recognized that "[t]he term 'dangerousness,' . . . has a much broader construction than might be commonly understood in everyday parlance" to encompass "the danger that the defendant might engage in criminal activity to the detriment of the community" rather than narrowly referring to "danger of harm involving physical violence." *Id.* at 487 n.2. Finally, courts recognized that defendants, even those with ties to the community, has "a tremendous incentive to flee" when facing significant mandatory sentences of incarceration. *Id.* at 489. *See also United States v. Metrovich*, 2016 WL 7380437, at *2

(M.D. Fla. Dec. 19, 2016). The defendants in this case face a minimum sentence of ten years and a maximum of life in prison or death. Their incentive to flee could not be stronger.

In this case, CRESPO HERNANDEZ, TORRES GARCIA, OCASIO JUSTINIANO, and RODRIGUEZ BONILLA coordinated and carried out a premediated and gruesome murder of K.A. The United States contends that none of these defendants qualify for conditions of release.

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney

By: *s/Dana E. Hill*
Dana E. Hill
Assistant United States Attorney
No. 189
400 West Washington Street, Ste. 3100
Orlando, Florida 32801
Telephone: (407) 648-7500
Facsimile: (407) 648-7643
E-Mail: dana.hill@usdoj.gov

U.S. v. Torres Garcia, et al.  Case No. 6:24-cr-137-CEM-RMN

## CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2024, I either provided copies in person in court or electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to various defense counsel to be appointed.

By: *s/Dana E. Hill*
Dana E. Hill
Assistant United States Attorney
No. 189
400 West Washington Street, Ste. 3100
Orlando, Florida 32801
Telephone: (407) 648-7500
Facsimile:  (407) 648-7643
E-Mail:   dana.hill@usdoj.gov